Good morning. May it please the court. Chad Mizell on behalf of Appellant Gene Germain. The district court abused its discretion when it administratively closed Mr. Germain's case pursuant to an unwarranted blanket injunction that prevents Mr. Germain from actively litigating more than a single case, regardless of the merits of his case, the cause of action asserted, or the defendants named in the complaint. Now, I think as a matter of context, it's worth recognizing that this case does not present the harder question regarding the extent to which a litigant can engage in frivolous or malicious litigation before the district court can impose a pre-filing injunction. It's undisputed in this case that the district court did not make a single finding regarding the nature or content of Mr. Germain's filings, despite two opportunities to do so, both at the time that Mr. Germain filed his motions or complaints, and also at the time that the district court entered the injunction. Thus, this case is undecidedly unlike McMahon, the case upon which the district court relied, or Saffier, or Inouye Powell, or really any case in which the district court made findings regarding the substantive nature of a litigant's filings before imposing the pre-filing injunction. But you didn't appeal the initial pre-filing injunction, did you? Mr. Germain didn't, but I don't think he needed to, Your Honor. You're collaterally attacking him. I don't think it's a collateral attack. Rather, Mr. Germain is attacking the district court's order administratively closing his case. And when the district court administratively closed his case, he expressly incorporated the pre-filing injunction into that order. And under this court's decision, in all State v. McNeil, and also Pashby, any time a district court expressly incorporates a previously filed order, that order is directly in front of this court. In fact, this court held so in Graham v. Riddle. In that case, Your Honor, the district court imposed a pre-filing injunction, and the litigant, in a future application of that injunction, brought the case up to this court. And this court directly addressed the merits of this injunction. It did the same in its unpublished decision in Venable v. FBI. Okay, but in a pre-filing injunction, what the court is doing, or what courts have done, is they close the door unless somebody approves the filing. Here, nobody was saying that his case couldn't be heard unless it was pre-approved. It was simply put in a state of abeyance, arguably, until another case had been determined. And I guess what I'm trying to get at here is how did this harm your client in any concrete way? Do we know that his case would have been heard more quickly if it had not been administratively closed? We certainly do, Your Honor. We certainly do. Because when the district court administratively closed his case, he essentially halted all proceedings. He halted discovery. He halted the collection of any sort of evidence. And that's a concrete harm that this court has actually recognized in Mohammed v. Warden of Baltimore City Jail. In that case, the district court administratively closed the litigant's case for an indefinite period of time. In this court, it's a published decision. And this court recognized that that harms the litigant's ability to be able to collect fresh discovery, to find witnesses, given that prisoners are often transferred, guards are often interchanged. In fact, the district court's ordering recognizes that fact, that the staff is often changed over. Does it affect your analysis that the district court took a look at the merits of the case before it put it on hold, you know, arguably to make sure there wasn't any emergency-type situation going on here, that it wasn't putting something on hold that, you know, really needed immediate attention? I don't think that affects the analysis, Your Honor. I think it's this court's duty to actually look at the face of the order. And the face of the order does not have the safety valve, which Your Honor is referring to. But the record shows that he was discussing what the case was about. The record does, Your Honor. But I think, again, it's incumbent upon this court to look at the face of the order and determine whether the face of the order is valid. What's a judge supposed to do in a situation? You're saying that he had the option of looking at the case and saying it's frivolous, bringing it on for summary judgment, or in other words, moving the case along. That would have been the more appropriate avenue. I mean, the judge has to do something. The court has to do something to control and stop it. You certainly agree on that. I agree, and I think the court has a lot of options to control itself. Yeah, but tell us about the options that the court had short of what it did. Well, certainly, Your Honor. I mean, I think that this court's case law, in the Eleventh Circuit is a great example of all of the different range of pre-filing injunction options. This wasn't a pre-filing injunction. Well, again, Your Honor, I think I would disagree there. The First Circuit has this opinion in Leeham, which is not cited in the briefs. He was able to file his case. Right, Your Honor. But, again, this court recognized in Mohammed that whenever a district court administratively closes a litigant's case for a period of time, it so prejudices the litigant in his ability to be able to collect discovery or... You're asking us to write an opinion saying that it's prejudiced per se. Your Honor, that opinion has already been written. That opinion was written in Mohammed, respectfully, Your Honor. And what's the language that you're relying on in that case? Your Honor, the language in Mohammed, and, again, the cite for that is 849 F. 2nd 107. This court explicitly held, we conclude, that the open-ended delay created by the district court's order so prejudices Mohammed's ability to prosecute his claim as to render the order an appealable... Okay, what was the issue in that case, if you'd help me out on that? Yeah, of course, Your Honor. Mohammed involved a 1983 action brought by a prisoner challenging the conditions of this confinement. After surviving a motion to dismiss, the district court administratively closed Mohammed's case pending his release from prison. Mohammed challenged solely the district court's order administratively closing this case. How long was he going to be until he was released from prison? Six years, Your Honor, six years. But in Mohammed, this court cited Hines v. D. Artois, which is at 531 F. 2nd 726. In that case, there was only an 18-month delay. And the Fifth Circuit held that that was sufficient in order to be able to challenge the district court's administrative closure as prejudicial. Here, Mr. Germain has already waited 17 months. This month marks 17 months since the district court administratively closed his case, and there's no end in sight. We have no idea when the district court's going to reopen his case. And I'd like to make one further point on this, that it would be truly unprecedented for a court of appeals to sustain a preliminary injunction or an order administratively closing a case where the district court failed to make any substantive findings regarding the content of the litigant's actions. I'd also like to make a point about context, Your Honor. Yeah, I guess what I'm worried about is how you go ahead and write an opinion like this from your perspective, because you've always got to think about what we're going to say. Of course. And in the Mohammed case, the court really relied on the fact that his earliest release date would be 1991, and his claim initiated in 1981 depends on witness conduct that occurred in 1979. So they're talking about stale evidence in the sense that he couldn't bring his case to court for 12 years at a minimum in the earliest release date. So if you were writing the opinion of the court, what would be the boundaries that you would put on this? I mean, Mohammed is an extreme situation. So what kind of boundaries would you say if you were writing the opinion? Well, Your Honor, I think if I was writing this opinion, I would rely on the Fifth Circuit's opinion in Hines where an 18-month delay was considered sufficient. I would rely on an opinion released just this year by the Fifth Circuit, Occidental, where a two-year delay was considered sufficient. You would then say that no amount of time is necessarily dispositive of the issue of prejudice, that it has to be examined in the context of the issues presented, the likelihood of dissipation of the evidence. You see what I'm saying? What kind of a framework are you urging us to adopt? Right. Well, I would say that any time that there's an indefinite delay where there's really no end in sight, like what Mr. Germain is facing here, I think the Supreme Court has a lot of language regarding the harmful effects of delay, how memories are fade, evidence loss. And granted, all of this is in the context of the statute of limitations, but I think it's relevant, Your Honor, in that the statute of limitations, a lot of these that the Supreme Court are analyzing are two years, three years. And even in those contexts, the Supreme Court has found that delay is prejudicial. Here, where Mr. Germain has already waited 17 months, I think there is sufficient evidence, and there's no end in sight, I think there's sufficient evidence for this Court to take a look at this and find that Mr. Germain is affirmatively prejudiced. I think it also, there's an important factor here, is that Mr. Germain's cases can only come before the court once the final case has been closed. That means the defendants have every incentive to delay, because the longer they delay their case, the more likely it is that Mr. Germain is going to lose evidence. I think that when the ball, so to speak, is in the defendant's court to continue delaying the case such that Mr. Germain can't bring any further actions, I think that is highly problematic and highly prejudicial to Mr. Germain. I'd also like to just recap the context in which this injunction was issued. Mr. Germain, as a litigant, has prevailed in this court, and in the district court proceeding pro se, has secured a preliminary injunction, has won a motion to compel discovery, has secured an order quashing the subpoena entered in favor of defendants, and has survived three motions of summary judgment. And during that entire time, the district court never held Mr. Germain in contempt, he never sanctioned Mr. Germain, he never imposed costs on Mr. Germain, he never even warned Mr. Germain that his litigation was a burden on the court. So there is no evidence up until the day that the district court imposed this pre-filing injunction that the district court took any steps at all to curb Mr. Germain's litigation. And I think that that points to one indisputable conclusion, taken together with the fact that there's a lack of any substantive findings regarding the content of Mr. Germain's litigation, is that there's simply no evidence that Mr. Germain was an abusive litigant. This court has held, as have four other courts, that burden alone is insufficient to impose a pre-filing injunction. Of course, that rule makes sense, because there's a lot of cases, antitrust cases, multi-district litigation, which imposes a tremendous amount of burden on the court. Now, how many cases did he have pending? I need to cut you off there. You said that there was no evidence that he was a burden. Did he have 16 cases against correctional officers? Your Honor, he did, and I didn't mean to say that there's... Is that evidence of a burden? Your Honor, I didn't mean to say, sorry, that there's no evidence of burden. I'm saying that the evidence of burden is always, per se, insufficient. Under this Court's decision in Cromer, where it instructed the district court to look at the content of the filings, and under the multiple cases that I cite in the brief, which has said litigiousness alone is always insufficient to impose a pre-filing injunction. What does the record show? How many cases total did he have pending? Did he have 26 pending? Not pending, Your Honor. There's 26 cases filed since 1994, which is about one case a year. I see. At the time that it was... He had 16 pending. Is that correct or not? No, Your Honor. Again, that's total litigation. At the time pending, I believe when the district court first imposed a pre-filing injunction, there were five cases. I believe the Court says so explicitly in its order. Or four cases, I'm sorry, because he imposed a pre-filing injunction in four cases. I would also like to raise a fundamental point, again, just regarding the nature of this injunction. The closest analogy to an injunction I found is in Franklin v. Murphy. Now, in that case, the litigant filed over four times the number of cases that Mr. Germain filed, and many of them were adjudicated frivolous or lacking any substance or merit. And even in that case, the district court limited the litigant to six IFP filings per year. And even then, the Ninth Circuit warned that that might not be enough, that if the litigant ever presented a non-frivolous case, that the district court was required to modify its order in order to allow that filing. Here, the injunction entered by the district court goes well beyond that, Your Honor, and again, is one of the most harsh that I've seen in the case law. And so for that reason, I believe this Court should reverse. Good morning. May it please the Court. I represent Warden Bishop and Mr. Lillard, the two state employees involved in this action. Neither Warden Bishop nor Mr. Lillard were served with process in this case. They were not made parties below but are participating here at the request of the Court. The order from which Mr. Germain appeals makes two rulings. First, it denies Mr. Germain's motion for preliminary injunction, and second, it administratively closes the case pursuant to a preexisting prefiling injunction issued in four other cases. Although the Court has jurisdiction to hear this appeal to the extent Mr. Germain challenges the order denying the motion for preliminary injunction, it lacks jurisdiction to review the administrative closure of the case. As this Court held in Penn American Insurance Company v. MAP, which is at 521 F. 3rd, 290, administrative closure is not a final judgment that is subject to review unless it is certified as such pursuant to Rule 54B. Mr. Germain did not seek such certification, nor did the District Court so certify in this order. Appealable as a collateral order. I'm sorry? Why isn't this appealable under the collateral order, Doctor? It doesn't finally decide any issue at all. The collateral order, Doctor. Well, whether a court can administratively, erred in administratively closing this case, doesn't it finally resolve that? I mean, that is an issue that is apart from the merits of his claims he didn't get enough exercise and everything else. It's whether the court erred in that respect. That's not a decision that the District Court made. That's not a decision that was made before. The District Court administratively. The decision was, I'm going to administratively close this case, right? He did decide that. He did administratively close the case. So why isn't that a collateral order that can be appealed under the collateral order, Doctor? Because I don't believe. Because I was interested in this final order issue, too. I thought, well, you know, is this a final order? And then I thought, well, why wouldn't it be an appealable collateral order? I think it is because, Your Honor, it does not finally resolve that issue. That's not an issue that was presented to the court. Can a court finally administratively close a case? That's not an issue the court resolved. The court did administratively close this case. That was resolved in this action, wasn't it? The court did administratively close this case. But as the Fourth Circuit held, as this court held in the Penn America Insurance Company case, administrative closure isn't a final judgment, and the court did not allow any other basis. Didn't they make the collateral order argument in that case? If they did, it wasn't discussed in the opinion, Your Honor. But I don't think that it meets the requirements of the collateral order doctrine because. What respect? Because I don't believe it finally resolved that issue. I think there's a difference between actually administratively closing a case, which is a function that the court engages in, as opposed to having an issue presented to it and the court reaching a conclusion on that issue. If that's the case, counsel, then the district court could permanently preclude our jurisdiction in cases like this. For example, when would it ever be open? Or if it would ever be open. We don't know. Well, I think we do, Your Honor. In fact, the district court has opened other cases that were administratively closed pursuant to this same pre-filing injunction. That's not according to the order. What you're relating is what happened as a matter of fact. But the law, with the order on its face, doesn't give any, there's no temporal restriction at all. I mean, we're a court where sometimes just a motion in some of these pro se cases, habeas cases, where it takes over a year to get an answer, and sometimes we have to write 45-day letters to try to avoid mandamus. So when you say it's closed, it could be closed for a year, multiple years. And there may be a time where the court would be presented with an issue on mandamus or in some other way if that, in fact, happened. But I think that that's not presented here, and there's no indication that this court would do that. In fact, I believe this is the only case that's currently administratively closed based on my review of what's on the docket below, and so would be the next case up. In constitutional interpretation, the question is not whether there's a good king or a bad king. It's whether the law is applied appropriately. What you're talking about is the good king results. Well, they did get to it in the time, but we have to look at it with the sense that is there a protection? You would agree if we couldn't get to this, it could be ten years, and it wouldn't be in violation of that order. A ten-year delay, and it would not be a violation of the order. Is that correct? A violation of the order administratively closing the case? Yes. Yes or no? Could there be a ten-year delay, and would it violate that order per se? It would not per se violate that order. Well, that's the whole thing. Basically, in effect, the district court just precludes our jurisdiction. It's not a collateral order. I suggest, Your Honor, that first of all, there's no evidence that that is occurring in this case. Plus, this court has already decided that it has to be evidence. We're reviewing the order. It's the face of the order itself. Again, I think you don't understand what I said, the good king or the bad king. That's why the rule of law, not the rule of perhaps what might happen. I agree completely, Your Honor, and that's why the rule of law establishes that this court does not have jurisdiction to review this order because, as the court stated in the Penn America case, administrative closure is not something that is subject to this court's review. This court doesn't have jurisdiction. It's not a final judgment. Didn't we do this in Graham v. Riddle in the 1977 case involving prisoner litigation? Didn't we examine an order entered by the court in a similar situation? I don't believe that was an administrative closure subject to reopening. I thought that this – Well, no. The district court denied leave to file an informer papyrus. Right. So it was effectively – Later complaints. But that was an underlying order. It wasn't a disposition of the merits of the case. But it was still a final order because the court denied the ability to file that complaint. So you're saying that the case can be administratively closed for any amount of time, piggybacking on Judge Gregory's question, and there's nothing that can be done? I'm not suggesting that, Your Honor. I'm suggesting that if that is abused, there could be a petition for mandamus if there is an abuse of that. But that's not the situation that we are in. There's no mandamus petition that's been filed. What we have is an administrative closure, which this court has found does not give rise to a right of appeal. We could treat this as, in effect, a mandamus request, couldn't we? I don't believe so. The way it came up – No, no. Do we not – In effect, this is a mandamus claim. Right? We have to do something to protect our jurisdiction. You're saying it's not a collateral order. You're saying that it doesn't prohibit it being a 10-year delay or any number of years. So, in effect, this is a request for a mandamus? Well, I don't think so, Your Honor. Let me explain. This order was entered in four different cases. It could have been challenged as a pre-filing injunction. They could have taken an appeal in any of those four cases immediately. They did not. Those four cases are all in different dispositions. One has been voluntarily dismissed. One has already come up to appeal on this court. This court ruled in June on that case. That issue was not raised by appointed counsel for Mr. Germain. There's another appeal that's in front of this court right now, 16-6117, filed by Mr. Germain. In that case, Mr. Germain does challenge this very order. But he doesn't challenge the pre-filing injunction part of it. He challenges Judge Moss's decision not to recuse himself. That's another case in which this order could have come before the court. The actual order is before the court, but this issue was not raised. There's yet one more case that was originally administratively closed. The court reopened it when there was only one other case that was active. That is now working its way through the court. The defendants filed a motion to dismiss or for summary judgment. The defendants are not trying to delay that case, but Mr. Germain is. Mr. Germain has filed a motion for a continuance, asking the court for additional time, filed a Rule 56-D affidavit, asking for a discovery. That's a case where this order was filed. It was not originally appealed, but it is subject to review by this court on direct appeal when that comes up. Mr. Plater, I don't mean to interrupt you, but I think the heart of this matter, really, isn't it that you have an exercise of control by the district court. In this case, arguably, he did look at the merits, but this order that is governing this procedure, permitting administrative closure, is without regard to the merits. There's no determination, there's no requirement that the court look and see if this is an emergency. Look and see. It just says, hey, you've got one on the front burner. You can't have any more on the front burner. There's no weighing, there's no discretion required. How do you answer that? Isn't that troubling from your perspective? It could get your people in trouble. You see what I'm saying? If there's a situation that becomes worse, that they think they're okay legally, and they're not okay legally, it could compound the problems that exist. I have two responses to that, Your Honor. One is I think that's a very appropriate issue to address when and if this order becomes properly before the court, when the court has jurisdiction to address it. But that's not this case. The second is the record actually reflects that there is no case in which this judge has administratively closed a case without looking at the merits. In this case, there's an opinion written looking at the merits, specifically with respect to the prefiling injunction. There was another case that was filed where the court actually looked at a motion for preliminary injunction, looked at the complaint, dismissed the complaint on the merits. Well, actually dismissed the complaint for failure to exhaust administrative remedies, but first considered the merits of the claim before taking any action and ended up not even administratively closing it because it disposed of the case on the merits. But he could have made an allegation that his life was in danger, either seriously ill or could die, and that would get around the prefiling injunction, wouldn't it? I would think that the court would need to review that to some extent on the merits to determine whether that was in fact the case. And, in fact, this court has done that. But I think, Judge Keenan, your point that that is an issue facially with the order is one that would and should be addressed if the order comes up in a case in which this court has jurisdiction to address it. But I think that there is at least some solace to be taken that that's not how the order has been implemented. In every case that has come up so far, the district judge has actually considered the merits before moving on. But we can't weigh it by what they've done, what they did do. For example, if you have a medical emergency, how can the judge just make a quick look and make a determination without giving a chance of a hearing? How can that be even done? It's not even required by the order at all. But even if you did, how would you be able to do that? Well, he hasn't done that, and that's why I think this is certainly an issue. He hasn't done it. The question, though, is not that. The question is the protection. This order here, we're talking about very serious matters. The court's being available to address the grievance of the citizens or the people who litigate, and that's very important. And to close the door of the court. But I think the store is not being closed. This is not a case where the court says we're going to automatically put your case in a band, no matter what it is. That's what it says. Except he's not. That's what it says. The four corners. You want to go to the scenario of what happened. We can't judge it by that. As I said, Your Honor, I understand that concern, and I think that if this order were properly before the court. Let's assume that it is properly before the court. Okay. Isn't that should be a concern to you about justice? It would be a concern, Your Honor, in the way that this order has been carried out, which I think speaks to the judge's intention. You're telling the court that we should judge it by how it's been carried out and not what it says. Well, I think – I'm not telling the court that, but I think in a case where we actually have seen it in action, whether it's effectively been amended pursuant to the judge's actions or not, there actually was another case in which Judge Motz issued a preliminary injunction against the defendants in that case that was in place for 14 months after the prefiling injunction was entered. So what are you – I'm trying to get your legal theory here. So you're saying that in this case there was no abuse of discretion. Would you then characterize this as to whether there was an abuse of discretion in entering the order, or would you characterize it as whether the court was lawfully entitled to enter the order? How would you – again, as to the flip side of what I asked opposing counsel, how would you write your opinion? Well, in the first instance, Your Honor, I would say that this issue is not properly before this court. The court doesn't have jurisdiction to hear that. Then if it were – if the court could hear a challenge to the order administratively closing the case, then I think that the question before this court is did the district court abuse its discretion in administratively closing this case pursuant to the earlier prefiling injunction. And I think the answer to that question is no, because the court cannot look at the merits of the prefiling injunction in this case because the prefiling injunction wasn't issued in this case. I think that what all of the arguments that Mr. Germain has made go to are the merits of the prefiling injunction. And they've raised some legitimate arguments with respect to that, but that's an issue that was not appealed when the prefiling injunction was entered in any of the four other cases in which it was entered. And in at least two of those cases, there still is an opportunity to raise that issue on direct appeal when it comes before this court. What about opposing counsel's argument that because the prefiling injunction order was incorporated in this order, that they're now entitled to have that heard? I don't believe it was incorporated into this order. That was the – this order was entered pursuant to the prefiling injunction, but it was not – but the prefiling injunction was not incorporated into this order. And that, I would cite the court to the Inree Burnley case, which is at 988F2-1 as instructive. In that case, the district court had entered a motion for prefiling – or had entered a prefiling injunction that was not appealed at the time. The plaintiff later asked for a modification of that prefiling injunction. The prefiling injunction only allowed him to have one active case at a time. He asked for a modification to be permitted to have two active cases at a time. The district court denied that motion, and that was appealed to this court. And this court said the only thing that's before us, the only thing we can look at, is whether the district court abused its discretion in denying the motion to modify the prefiling injunction. We do not have jurisdiction to review the prefiling injunction itself. Similarly, in this case, where the only issue here is whether the district court abused its discretion in following the prefiling injunction that was issued in another case, this court doesn't have jurisdiction in this case to review the prefiling injunction that was issued in other cases. That's still in other cases that could be. That was the only authority for doing it in this case was that order, correct? That's true. But then why is that not incorporated into the sole justification? Because that's a preexisting order that was not appealed from that exists in this case. Just like in the Enri Burnley case, it's not before this court because it wasn't appealed at a time where it could come before this court, where this court had jurisdiction to hear it. If he had asked to modify the order to file this one, then it might be a different case. I think if he had gone into that case and filed a Rule 60B motion, in any of those other four cases, asking for the order to be modified, that the decision that the district court reaches as to whether the order could be modified could then come before this court. But under the Enri Burnley case, it still wouldn't be the merits of the original injunction. But the original injunction is still subject to challenge in other cases that are one that's before this court on appeal right now and one that is still pending in the district court. So in the interest of judicial economy, why should we wait for that when it's really before us now? It goes, Your Honor, to the rule of law that you identified earlier. The rule of law and the rules as far as what this court has jurisdiction to hear suggests that this court doesn't have jurisdiction to do that in this case. I think that's your view. I understand that. But the court has inherent power in terms of that regard when the matter is before us. The question is, I guess you would concede that there was no basis for the merits of this order. You would concede that if we get past we have jurisdiction, we get past this is the right time to deal with it, because there was no finding of frivolousness in those things. He won his cases. I'm very familiar with the cases and he's done very well in terms of no finding. We have three strike rule there. We have those things there. And he's run that gauntlet and there's nothing that prevents it. Our frivolous is not vexatious, no finding. Any of those things, what's wrong with having 16 cases in the court? You've got some corporations that have a lot of cases in court. Is it only a burden when it's an individual? There's nothing inherently wrong with having 16 cases, Your Honor. But I think that to address the first part of your question first, we don't concede that there was no basis for entering this. The district court had not specifically identified any of the filings as frivolous, but the district court did make a finding that the litigation had become vexatious. And I think it's the litigation itself. He didn't win any of those cases. There's no judgment at the end of the day in his favor in any case. He has obtained a preliminary injunction that was then dissolved when the court got the evidence and found that there was no basis for the claim. He has on a case in which the district court awarded summary judgment in favor of many defendants. It came up to this court. This court ruled that the entry of summary judgment in favor of one of those defendants was inappropriate because there were factual disputes. It went back down to the district court. The district court again entered summary judgment on a more fulsome record. This court affirmed that entry of summary judgment. He has not won on the merits on any of those cases. And I think that the decisions of the district court reflect a large degree of patience with his claims, none of which have shown to be meritorious in the end. But there are other issues that were raised with respect to the pre-filing injunction, including whether there was notice and an opportunity to be heard, that could certainly properly come before this court as far as the manner in which the injunction was entered. But again, that's not an issue that I believe at this point the court has jurisdiction to entertain. Do you believe this court lacks the power to deem this as a mandamus motion? I have not given enough consideration to that, Your Honor. It certainly hasn't come up that way, and I don't think it would be – Well, you're here on the fly anyway because you don't have a response to the briefs that we're letting you. You're almost sort of extemporaneous anyway in some regard. Do you have no view on that? I don't – I think if there – I don't think that there is a clear duty of the district judge in light of orders and case law that establishes that the district judge has the capacity to keep control of its docket. I don't think there is a clear directive with respect to the length of time that this case has been on an administrative closure that would call for mandamus. So I don't think that there is a basis for that in this case. Plus, there are other remedies that are still available. There are other cases in which this was entered, in which this order was entered, in which it could be challenged. And so I don't think there would be any calling for mandamus here. This is an issue – this is an order that could have been appealed. This is – this is not a case where there's any denial of the ability of the courts to actually address the issue. This is not a case where the district court has done something to hide any issue from this court at all. This court issued a pre-filing injunction – I'm not saying you're hiding any issue. I'm saying how you didn't come up with that even. Well, the court suggested – I'm not suggesting no one is hiding it. Well, the court did suggest earlier that the district court could prevent this court from ever exercising jurisdiction over this issue. That's based on the – oh, my goodness. That's your interpretation of hiding? No, I – The question was, looking at the face of it, does it in any way – would it prevent or protect – it's a better word – protect against the delay up to 10 years, for example. That was the question, not hiding anything. Well, I apologize if I misinterpreted the question. I thought the question was, could the court effectively preclude this court from having appellate jurisdiction to review its order? Yeah, your argument did that, not the court. Your argument is saying we don't have jurisdiction. I don't think the district court is opined on that. You're the one that said that. So the hiding, if anything, would be your suggestion. Nobody is questioning the good faith of the trial judge. Obviously, he's doing his best. He's got a difficult situation with a million cases coming in the door. I think the point of the questions in that regard were, what are the legal boundaries of what occurred here? Could it not result in a 10-year delay? And what our questions at least were intended to. And I didn't mean to imply that the court's questions were in any way implying bad faith on behalf of the district judge at all. But I was trying to get to that issue, which is I don't think that in this particular case, if you take this case completely out of context, yes, the order of administrative closure could be there for an extended period of time without review. But the broader context of this case is that this was a prefiling injunction. It was issued in four different cases. That issue was apparent from the face of the order in those four cases, in all of which this court would have jurisdiction had it been properly raised by Mr. Germain in those cases at that time. It is subject to review. It continues to be subject to review in cases in which this court has jurisdiction. Of course, you would say there was no jurisdiction because it's not a collateral order. There's no basis to appear interlocutory with 28 U.S.C. It was an injunction. It was an injunction when entered, and this court would have had the capacity to review it in an immediate appeal, promptly filed within 30 days in any of those cases at that time. So this court would certainly have had jurisdiction. An injunction is continuous. Therefore, why would it be stale even later? Doesn't that injunction continue? It's an ongoing, so there wouldn't be a limitation in the sense of an injunction, would it? Is it ongoing? It continues, doesn't it? The injunction continues. So why is it untimely? It could have done it then, but why can't it do it now because it continues? Because there are two points. For an entry of a preliminary injunction, there are two points at which the court can review that. One is within 30 days of the entry of the injunction as an interlocutory order where there's statutory authority to do it. The other is upon final judgment. Why is this a preliminary injunction? I'm sorry. The pre-filing injunction was just an injunction at that time, and that could have been the entry of an injunction, and therefore there's statutory authority to review it if appealed within 30 days of the time where it was entered or upon final judgment. Thank you so much. Thank you. Thank you. Thank you, Your Honors. I rise to address a few issues. First, regarding whether this court has the authority to reach the underlying injunction, that's not a jurisdictional question. That's a question regarding the scope of review. I think that's a question where the black letter law was clearly laid out by this court in all state insurance, V. McNeill, at 382 F. 2nd 84, and also at Pashby v. Delia, 709 F. 3rd 307. And it applied that black letter law in Graham v. Riddle, where it reached the underlying merits of an injunction. But not only in that case, Your Honor, this court's decision, inventable v. FBI, did the same thing. This court's decision in Graham v. Sandberg did the same thing. The Third Circuit's decision in Matter v. Packer, Avenue Associates, did the same thing. And so did the First Circuit in Gordon v. U.S. Department of Justice. When your client filed his case, did he file a motion to modify the prefiling injunction? He did not, Your Honor. Wouldn't that make the situation a little stronger? I actually think it might make it a little bit weaker because if you're filing a motion for a modification, there are only certain bases upon which the court is authorized to modify the injunction. Now, I think he certainly could have, and I think he would have prevailed. But I don't think he was required to because what the district court essentially did here, again, was administratively close his case according to the face of the order. And he did so in a way that expressly incorporated it. My co-counsel on the other side seemed to contest whether he expressly incorporated it. I think that that doubt is resolved at App 57 where the district court directly quotes, not only cites, but quotes verbatim from the underlying order as the rationale for why he's going to administratively close Mr. Germain's case. I'd also like to make the point that the judicial process works best when a district court's orders mean what they say. This court should not be in the business of looking to what the district court necessarily did, the good king versus bad king situation. When the district court order says on its face that it is not going to have a safety valve, that it's not going to allow Mr. Germain to get around this order if he's alleging serious physical harm, that this court has to take the order on its face. Just like the parole evidence rule. Yeah, but how did he abuse, how did the trial judge abuse his discretion in this case? I think he abused his discretion because he enforced an unenforceable injunction, Your Honor. I think, and I would go actually one step further. I think there's actually a separate basis. We've been talking about a final judgment. I think this is a final judgment. I think it's also susceptible to the Cohen v. Benedict. The final judgment case isn't gone for good. I think under this court's decision in Mohammed, this is a final judgment. And I think that that's consistent with Gillespie, I will say. The construction of finality. And in that case, it said, the Supreme Court said, that we are supposed to give finality a practical rather than a technical construction with the two most important considerations being the interest in avoiding piecemeal litigation and the interest in the. . . Those cases are all on different facts. I mean, this case was still a live case. So you're not relying on a collateral order theory? I would rely on. . . Is there any merit in that? I would rely on the collateral order theory. We're relying on Mohammed, which invoked both the collateral order theory as well as the effectively end theory. It invoked both of those. And we think Mohammed is directly on point in this case. But I would also suggest that there's another basis for this court's jurisdiction. And that's because the district court modified this injunction. And under 1292, it puts this injunction directly before the court. As the injunction originally read, the district court allowed Mr. Germain to have two active cases. The injunction that's before this court only allows Mr. Germain one active case. The district court narrowed the injunction. As such, it is a modification which is directly before this court, and it's a direct basis for this court's jurisdiction. And to the extent this court reviews it as a modification, then it has the entire injunction in front of it. It doesn't even need to address this issue of whether it incorporates. Now, I think we're right on that issue, but it doesn't need to address it because the modification would be directly in front of this court. Co-counsel cites Pan America. Pan America is distinguishable because in that case, Your Honor, the district court or the parties could have at any time filed a motion to reopen the case. It's unlike the decision here. It's unlike the case in Mohammed, which is why this court held that that was a final judgment under 1291. Because it prejudices the litigant because the litigant is unable to open the case whenever they want to. Again, unlike the decision in Pan America where at any point, at any time, any party for whatever reason could have chosen to reopen the case. Mr. Germain simply does not have that option here. I would also like to raise one other point. The district court in this case did deny Mr. Germain's motion for a preliminary injunction, but he wasn't assessing whether the case was frivolous or whether the case had no basis in merit to go forward. All he was assessing was the very narrow question as to whether Mr. Germain met the very high burden for establishing a preliminary injunction. And he found that he didn't in this case. And so I think that, you know, going to your question earlier, Judge Keenan, I think that the fact that the district court did consider his motion for a preliminary injunction doesn't affect the underlying substance or merits of this case. I think this case is properly before the court under any number of theories. I think the case law soundly supports this court reaching the underlying injunction. I think the district court abused its discretion both in initially imposing the injunction and also in enforcing the injunction here. And I would just leave this court with one last thought, analogy. You know, I think that in this case, if we change the context a little bit and we said the district court, let's say, imposed an injunction denying Mr. Germain a right to a jury trial and Mr. Germain failed to appeal that injunction, then in a later case that was not currently pending at the time of the injunction where Mr. Germain asked for a jury trial and the district court says, no, I'm not going to give you one pursuant to my previous injunction, it is contrary to the case law and it's even contrary to common sense that the district court could then continue in perpetuity deny Mr. Germain a right to a jury trial and that this court cannot review that question. The court's case law does not allow that conclusion. And so I would respectfully request that this court reverse the district court's order and hold that the injunction is unenforceable. Thank you. Thank you. All right. We'll come down to Greek Council and proceed to our next case.
judges: Roger L. Gregory, Barbara Milano Keenan, Henry F. Floyd